IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA G. NAVA<br>    Plaintiff | § § § | |
| VS. | § § | C.A. NO. 3:20-cv-00009 |
| U.S. BANK N.A., SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, ON BEHALF OF THE REGISTERED HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2005-HE6, ASSET-BACKED CERTIFICATES, SERIES 2005-HE6; AND BEVERLY MITRISIN AS SUBSTITUTE TRUSTEE<br>    Defendants | § § § § § § § § § § § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, on behalf of the registered holders of Bear Stearns Asset Backed Securities I Trust 2005-HE6, Asset-Backed Certificates, Series 2005-HE6 (**"Trustee"** or **"Defendant"**) hereby removes this case from the 327th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division. Defendant denies the claims and damages alleged in Plaintiff's Original Petition and files this Notice of Removal without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court.

### I.    INTRODUCTION

1. On or about January 6, 2020, Plaintiff, Maria G. Nava (**"Plaintiff"**) commenced this action by filing Plaintiff's Original Petition (the **"Complaint"**), Cause No. 2020DCV0041;

999999.262/3440036.1

In the 327th Judicial District Court of El Paso County, Texas (the **"State Court Action"**).[1] The State Court Action was filed for purposes of delaying a foreclosure sale on real property that serves as collateral for a loan secured by real property.[2] Plaintiff obtained an ex parte temporary restraining order in the State Court Action without any known notice to Defendant on January 6, 2020.[3]

2.  Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of Defendant's first receipt of the initial state court pleading.[4]

## II.  PLEADINGS AND NOTICE TO STATE COURT

3.  True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a). Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III.  BASIS FOR REMOVAL

4.  This action is within the original jurisdiction of the United States District Court based on diversity jurisdiction. Furthermore, venue is proper in the Western District of Texas, El Paso Division, under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.

---

[1] See Exhibit C-1.
[2] See Complaint, pars. 9-32.
[3] See Exhibit C-2.
[4] *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

2

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties.

5. This civil action involves a controversy between citizens of different states. Plaintiff resides in and is domiciled in the State of Texas and is therefore a citizen of Texas for Diversity Purposes.[5]

6. Defendant, Trustee, is the trustee of a trust. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[6] U.S. Bank National Association's articles of association establish that Ohio is its main office. Therefore, Trustee is a citizen of Ohio for diversity purposes.[7]

7. Plaintiff has also named Beverly Mitrisin as a defendant, who upon information and belief was a named substitute trustee pursuant to an appointment of substitute trustee for the subject loan. Plaintiff includes no discernable claims or causes of action against Ms. Mitrisin. Therefore, Ms. Mitrisin is either a nominal party or was improperly joined and her citizenship is not counted for purposes of diversity jurisdiction.[8]

8. From the face of the Complaint, it is evident that Plaintiff has not stated or even attempted to state a cause of action against Ms. Mitrisin as substitute trustee under Texas law.[9] A removing party may establish improper joinder by showing that the plaintiff is unable to

---

[5] See Complaint ¶ 1; *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).
[6] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980).
[7] 28 U.S.C.A. § 1348 (West); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006) ("[A] national bank, for 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").
[8] See *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *Ekundayo v. PNC Bank, Nat. Ass'n*, No. A-14-CA-142-SS, 2014 WL 5092625 (W.D. Tex. Oct. 9, 2014) citing *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009).
[9] *Larroquette*, 466 F.3d at 375 (holding that standard for establishing improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in state defendant, which stated differently means that there is no reasonable basis of the district court to predict that the plaintiff might be able to recover against an in-state defendant.") (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)) (internal quotation marks omitted).

establish a cause of action against the non-diverse defendant under state law.[10] A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal.[11] By way of example, courts routinely hold that the mere inclusion of a non-diverse substitute trustee who conducts a foreclosure sale as a nominal party will not defeat diversity jurisdiction.[12]

9. In applying this test, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant."[13] However, unlike a 12(b)(6) analysis, the Court retains discretion to pierce the pleadings and review evidence on whether plaintiff has a viable cause of action under state law.[14]

10. In the context of a motion to dismiss, factual allegations in a complaint must be sufficient to raise the right to relief above a speculative level.[15] Reciting naked assertions devoid of "further factual enhancement" does not suffice.[16] Where the facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that the pleader is plausibly entitled to relief.[17]

11. Plaintiff's factual allegations against Ms. Mitrisin do not exist in the Complaint and certainly do not raise Plaintiff's right to relief above the speculative level since any formulaic recitation of vague allegations even if it existed would be insufficient to support a claim against Ms. Mitrisin.[18] Plaintiff's conclusory allegations and unwarranted deductions of

---

[10] *Id.* (citing *Smallwood*, 385 F.3d at 573.
[11] *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).
[12] See, *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at *2 (W.D. Tex. May 13, 2014) citing *Eisenberg v. Deutsche Bank Tr. Co. Americas*, No. SA-11-CV-384-XR, 2011 WL 2636135 (W.D. Tex. July 5, 2011).
[13] *Id.*
[14] *Id.*
[15] *Id.* at 555.
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).
[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).
[18] See *Bell Atlantic Corp.*, 550 U.S. at 556.

4

fact cannot be accepted as true and cannot defeat a motion to dismiss.[19] The Complaint includes no specific allegations or causes of action against Ms. Mitrisin the substitute trustee and any attempted claims otherwise fail under the standards for a motion to dismiss. Additionally, Plaintiff has not and cannot allege any legally viable damages relating to any claim against Ms. Mitrisin since no foreclosure sale has occurred or is alleged to have occurred.

12. The Complaint almost exclusively references claims and conduct as to Trustee only.[20] Therefore, the claims and conduct asserted in the Complaint are distinguishable between Trustee and Ms. Mitrisin and the common defense rule does not apply to these defendants.

13. Accordingly, the only named defendant who was a citizen of Texas at any time material to removal was Ms. Mitrisin, who has been improperly joined or is a nominal party, and complete diversity exists between Plaintiff and all relevant defendants.

### B. Amount in Controversy.

14. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[21] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[22]

15. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[23] If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence

---

[19] *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).
[20] There is a brief and vague mention in the Complaint of Ms. Mitrisin in pars. 21, 22, and 24, but the Complaint does not allege any discernable action against Ms. Mitrisin.
[21] *See* 28 U.S.C.A. § 1441(a).
[22] *See* 28 U.S.C.A. § 1332(a).
[23] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).

that the amount in controversy requirement is satisfied.[24] The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[25]

16. In this instance, the Complaint makes it apparent that Plaintiff's claimed damages exceed $75,000.00 given that Plaintiff seeks to stop Trustee from foreclosing on property located at 6300 Dakota Ridge Drive, El Paso, Texas 79912 (the "**Property**").[26] The value of the Property exceeds $75,000.00. See Exhibit D.

17. The value of the Property according to the El Paso County Appraisal District is no less than $176,169.00 for the tax year of 2019.[27]

18. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[28] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[29] Plaintiff seeks relief which if successful would preclude enforcement of the contractual loan obligations and the right to foreclose on the Property.

19. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[30] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected

---

[24] See *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); see also *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[25] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[26] See Complaint at ¶12 and ¶¶ 9-13 and 17-32.
[27] See Exhibit D.
[28] *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (unpublished) (citing *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003)).
[29] *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (U.S. 1977).
[30] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961).

6

or the extent of the injury to be prevented."[31] The value of the subject property in this instance for diversity purposes is no less than $176,169.00 per the records of the El Paso County Appraisal District for 2019.[32] The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

## V.   CONSENT TO REMOVAL

20. Consent to the removal is not required from nominal parties or improperly joined parties such as Ms. Mitrisin, therefore her consent to removal is not required.[33] Additionally, no known service has been accomplished as to Ms. Mitrisin, therefore the consent of the non-removing defendant is not required for this additional reason.[34]

21. Because Plaintiff is a citizen of Texas and Defendants are citizens of states other than Texas, were improperly joined, or are nominal parties, there is complete diversity of citizenship among the parties.[35]

## VI. JURY DEMAND

22. Plaintiff has made no known jury demand in the State Court Action.

## VII.   CONCLUSION

23. For the foregoing reasons, Trustee ask the Court to remove this suit to the United States District Court, Western District of Texas, El Paso Division.

---

[31]   *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[32]   See Exhibit D.
[33]   *Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir.), cert. denied, 112 S.Ct. 193 (1991) (unanimity requirement for removal does not apply to nominal parties or parties that have been improperly joined).
[34]   See *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992; 28 U.S.C. § 1446(b)(2)(A).
[35]   See 28 U.S.C.A. § 332(c)(1) (West).

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    Texas Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    Texas Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas 77002-2772
    Telephone 713-220-9182
    Facsimile 713-223-9319
    E-mail: mhord@hirschwest.com
    Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January, 2020, a true and correct copy of Defendant's Notice of Removal was forwarded as follows:

Omar Maynez
Maynez Law, PC
1533 N. Lee Trevino Dr., Ste. 203
El Paso, Texas 79936
**Via Email and U.S. Regular Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.